UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
-------------------------------------------------------
BRUCE CARNEIL WEBSTER,

        Petitioner,

        vs.

CHARLES L. LOCKETT, WARDEN,
UNITED STATES PENITENTIARY,
TERRE HAUTE (USP),

        Respondent.
-------------------------------------------------------

:
:
:      CAUSE NO: 2:12-CV-0086-WTL-WGH
:
:
:
:

**SUPPLEMENTAL DECLARATION OF KRISTEN K. LEROUX IN SUPPORT
OF PETITIONER'S REPLY TO RESPONDENT'S RETURN TO ORDER TO
SHOW CAUSE**

I, **Kristen K. LeRoux,** declare as follows:

1. I am a former employee of Dorsey & Whitney LLP ("Dorsey"). I worked at Dorsey for nineteen (19) years from 1993 to 2012. From 1993 to 1996, I worked in an administrative department. From 1996 to 2006, I worked as a paralegal. From 2006 to 2012, I served as a paralegal manager and worked as a paralegal on the Bruce Webster case team.

2. During the course of my work as a paralegal on the Bruce Webster case team, I reviewed Bruce Webster's trial and appellate case file sent by Mr. Webster's appellate attorneys to Dorsey. The records in Mr. Webster's case file, specifically a facsimile transmission to the Social Security Administration ("SSA") dated March 4, 1996, indicate that Mr. Webster's trial counsel requested his SSA records over sixteen

(16) years ago.  A true and correct copy of the 1996 facsimile transmission to the SSA office is attached hereto as Exhibit A.  The case file does not show that any records were produced nor does it show that any response or follow-up correspondence was ever received.

3.      In late October 2008, Dorsey attorneys asked me and my colleagues to collect SSA records for Bruce Webster.

4.      On October 27, 2008, Dorsey sent a letter to the SSA at 3511 Market Street, Pine Bluff, Arkansas 71601, requesting the release of all records pertaining to Bruce Webster.  Dorsey enclosed an "Authorization For Release of Confidential Information and Records" signed by Mr. Webster with this request.  True and correct copies of this request and the signed authorization form are attached hereto as Exhibit B.

5.      On December 4, 2008, one of my colleagues followed up with the SSA regarding Dorsey's written request by calling Logan Hamilton, Assistant District Manager of the Social Security Administration at Pine Bluff, who stated that a completed and signed Social Security Administration Form 3288 Consent for Release of Information would be necessary to release a copy of the requested records.  Accordingly, Dorsey obtained Bruce Webster's signature on a Form 3288 Consent for Release of Information and sent the signed consent form to the SSA on December 15, 2008.  True and correct copies of request for records and the enclosed consent form are attached hereto as Exhibit C.

6.      Dorsey received certain SSA records for Bruce Webster on February 9, 2009.

7. Upon examining the SSA records provided for Bruce Webster, Dorsey determined that certain documents, including certain records enumerated in a "List of Exhibits," were missing from the records and that the file appeared to be incomplete.

8. On October 8, 2009, Dorsey sent a request for additional records to the Pine Bluff, Arkansas, SSA office, along with copies of the December 15, 2008 letter requesting, and Mr. Webster's Consent for Release of Information dated December 12, 2008. A true and correct copy of this correspondence is attached hereto as Exhibit D. Specifically, Dorsey requested the documents that were listed on the "List of Exhibits" of Mr. Webster's Social Security records but which were not received on February 9, 2009.

9. On October 15, 2009, I had a telephone conversation with a representative from the Pine Bluff, Arkansas, SSA office and was informed that normal procedures were not followed when the records received in February of 2009 were sent and that the person who copied and sent them had retired. The representative from the Pine Bluff SSA office stated that the SSA could not provide any more records in response to the request that was submitted. Reiterating that normal procedures were not followed when the records were sent in February 2009, the representative said that Mr. Webster should have been charged for the copies and that the request should have been sent to the SSA office in the state where Mr. Webster resides, regardless of his incarceration. The SSA representative explained that the person who had copied and sent Dorsey the records on February 9, 2009 had since retired, and the SSA representative noted that the SSA normally will not honor any request for "any and all" records.

3

10.     On October 22, 2009, the Pine Bluff, Arkansas, SSA office sent a letter to Dorsey denying the request for additional records, citing the following reasons:  (1) it was a "blanket request;"(2) the claimant was not living in the service area; and, (3) the consent was outdated.  A true and correct copy of this correspondence is attached hereto as Exhibit E.

11.     On November 23, 2009, Dorsey sent a request for additional records to the Terre Haute, Indiana, SSA office requesting those records that appeared to be missing from Mr. Webster's SSA file, including documents enumerated on the "List of Exhibits" of Bruce Webster's SSA records but which were not received on February 9, 2009. Dorsey also enclosed a newly-signed Consent for Release of Information, dated November 17, 2009.  True and correct copies of this correspondence  are attached hereto as Exhibit F.

12.     On December 4, 2009, I telephoned the Terre Haute, Indiana, SSA office and spoke to the representative assigned to Mr. Webster's request.   The representative informed me that they had mailed a formal written response to our request stating that there were no other records in Bruce Webster's file.  The representative also told me that the records that Dorsey specifically requested had been destroyed.  When I asked the representative whether the SSA kept any list of other people who had requested Bruce Webster's file, like a chain of custody, he explained that while the Social Security Administration had begun to track records requests electronically, any previous request for Mr. Webster's records would have predated that practice.

13.     On December 7, 2009, Dorsey received a letter from the Terre Haute, Indiana, SSA office stating Mr. Webster's folder had been destroyed.  A true and correct copy of this letter is attached as Exhibit G.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated:  October 10, 2012

s/Kristen K. LeRoux

Kristen K. LeRoux

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2012, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204-3048
Email: gerald.coraz@usdoj.gov

Eric K. Koselke
Attorney at Law
6202 North College
Indianapolis, IN  46220
ekoselke@wkelaw.com


Dated:  October 12, 2012

s/Kirsten E. Schubert
Kirsten E. Schubert
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868
