| | | |
|---|---|---|
| BRUCE CARNEIL WEBSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Cause No. 2:12-cv-0086-WTL-WGH |
| | ) | |
| CHARLES L. LOCKETT, Warden, | ) | Hon. William T. Lawrence |
| United States Penitentiary, | ) | |
| Terre Haute (USP), | ) | |
| | ) | |
| Respondent. | ) | |

## <u>NOTICE OF APPEAL</u>

## <u>THIS IS A DEATH PENALTY CASE</u>

Notice is hereby given, pursuant to Fed. R. App. P. 3 and 4(a)(1)(B)(iii), that Bruce

Carneil Webster, Petitioner in the above-named[1] case, hereby appeals to the United States Court

of Appeals for the Seventh Circuit from the final judgment entered in this action on the 13th day

of November, 2013, and from all orders subsumed therein, including but not limited to the Entry

on Petition for Writ of Habeas Corpus dated November 13, 2013.

---

[1]  Please take note that the warden at the United States Penitentiary, Terre Haute, has changed
since this action was commenced, and filings in the Court of Appeals will reflect this change.
The current warden is John F. Caraway.

Dated: January 9, 2014

DORSEY & WHITNEY LLP

By: s/Kirsten E. Schubert
Steven J. Wells (admitted *pro hac vice*)
(COUNSEL OF RECORD)
Kirsten E. Schubert (admitted *pro hac vice*)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

Eric K. Koselke, # 5593-54
6202 N. College Avenue
Indianapolis, IN 46220
Telephone:  (317) 722-2591
Facsimile:  (317) 257-5300

*Attorneys for Petitioner Bruce Webster*

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 9, 2014, a copy of the foregoing NOTICE OF APPEAL

was filed electronically.  Notice of this filing will be sent to the following parties by operation of

the Court's electronic filing system.  Parties may access this filing through the Court's system.

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204-3048
Email: gerald.coraz@usdoj.gov

Eric K. Koselke
Attorney at Law
6202 North College
Indianapolis, IN  46220
ekoselke@wkelaw.com

Dated: January 9, 2014                              DORSEY & WHITNEY LLP

By:  Kirsten E. Schubert
Kirsten E. Schubert

# SEVENTH CIRCUIT APPEAL INFORMATION SHEET

Include names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use separate sheet if needed.

District:     SOUTHERN INDIANA          Docket No.:          2:12-cv-86-WTL-WGH

Division:     TERRE HAUTE

| **Petitioner (Appellant)** | **Short Caption** | **Respondent (Appellee)** |
|---|---|---|
| BRUCE CARNEIL WEBSTER | V. | CHARLES LOCKETT |

------------------------------------------------------------------------------------------------------------------------------------

**Current Counsel for Petitioner (Appellant):**          **Current Counsel for Respondent (Appellee):**

(Use separate sheet for additional counsel)

| | | | |
|---|---|---|---|
| Name: | Kirsten E. Schubert | Name: | Gerald A. Coraz |
| Firm: | DORSEY & WHITNEY LLP | Firm: | UNITED STATES ATTORNEY'S |
| Address: | 50 South Sixth Street | | OFFICE |
| | Suite 1500 | Address: | 10 West Market Street |
| | Minneapolis, MN 55402-1498 | | Suite 2100 |
| | | | Indianapolis, IN 46204-3048 |
| Phone: | (612) 492-6755 | Phone: | (317) 226-6333 |

------------------------------------------------------------------------------------------------------------------------------------

| | | | |
|---|---|---|---|
| Judge: | William T. Lawrence | Nature of Suit Code: | 535 |
| Court Reporter: | CATHY JONES | Date Filed in District Court: | 4/6/2012 |
| | 291 U.S. COURTHOUSE | Date of Judgment: | 11/13/2013 |
| | INDIANAPOLIS, IN 46204 | EOD: | 11/13/2013 |
| | (317) 423-0436 | Date of Notice of Appeal: | 1/9/2014 |

Counsel: _ Appointed  X Retained    _ Pro Se

Fee Status:     X Paid          _ Due  _ IFP  _ IFP Pending _ U.S. _ Waived

(Please mark only 1 item above)

Has Docketing Statement been filed with the District Court's Clerk's Office:          X Yes          __ No

Was certificate of Appealability: _ granted; _ denied; _ pending; X N/A

If certificate of Appealability was granted or denied, what is the date of the order: _

If Defendant is in Federal custody, please provide United States Marshal number (USM#): 26177-077

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(a).**

**ADDITIONAL COUNSEL FOR PETITIONER:**

**Eric K. Koselke**
141 East Washington Street
Suite 200
Indianapolis, IN 46204
(317) 722-2591


**Steven J. Wells**
DORSEY & WHITNEY LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498
(612) 340-7809

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

BRUCE CARNEIL WEBSTER,      )
           )
           Petitioner,   )
           )
         vs.      )      Cause No. 2:12-cv-0086-WTL-WGH
           )
CHARLES L. LOCKETT, Warden,   )      Hon. William T. Lawrence
United States Penitentiary,       )
Terre Haute (USP),         )
           )
         Respondent.  )

## DOCKETING STATEMENT OF PETITIONER-APPELLANT BRUCE CARNEIL WEBSTER

## THIS IS A DEATH PENALTY CASE

Pursuant to Rules 3(c)(1) and 28(a) of the Circuit Rules for the United States Court of Appeals for the Seventh Circuit, Petitioner-Appellant Bruce Carneil Webster ("Webster") hereby submits his Docketing Statement:

(1)    **Statement concerning the district court's jurisdiction**:  The jurisdiction of the United States District Court for the Southern District of Indiana in the above-captioned matter is based upon 28 U.S.C. § 2241.

(2)    **Statement concerning appellate jurisdiction**:  The United States Court of Appeals for the Seventh Circuit has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 2253(a), in that this is an appeal from a final judgment and order in a habeas corpus proceeding.  Webster further provides the following particulars:

(i) **The date of entry of the judgment or decree sought to be reviewed:** The order sought to be reviewed, and judgment thereon, were entered on November 13, 2013;

(ii) **The filing date of any motion for a new trial or alteration of the judgment or any other motion claimed to toll the time within which to appeal:** No motion for a new trial, motion for alteration of the judgment, or other motion claimed to toll the time for appeal was filed in this case;

(iii) **The disposition of such a motion and the date of its entry:** Not applicable in this case;

(iv) **The filing date of the notice of appeal (together with information about an extension of time if one was granted):** The Notice of Appeal in this matter was filed on January 9, 2014;

(v) **If the case is a direct appeal from the decision of a magistrate judge, the dates on which each party consented in writing to the entry of final judgment by the magistrate judge:** Not applicable in this case.

(3) **Whether appeal is or is not from a final judgment**: This appeal is from a final judgment and from all orders subsumed therein, including the District Court's November 13, 2013 Entry on Petition for Writ of Habeas Corpus.

(4)    **Prior or related appellate proceedings**:

   (i)   *In re Webster*, No. 09-11039, 605 F.3d 256 (5th Cir. 2010);

   (ii)   *United States v. Webster*, No. 03-11194, 421 F.3d 308 (5th Cir. 2005), *cert. denied*, 549 U.S. 828 (2006);

   (iii)   *United States v. Webster*, No. 96-11224, 162 F.3d 308 (5th Cir. 1998), *cert. denied*, 528 U.S. 829 (1999).

(5)    **Petitioner's current place of confinement and warden**:  Webster is currently confined at the United States Penitentiary, Terre Haute (USP).  When this action was commenced, the warden at Terre Haute was Charles L. Lockett.  The current warden at Terre Haute is John F. Caraway.

(6)    **No certificate of appealability required**:  This appeal does not require a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Bush v. Pitzer*, 133 F.3d 455, 456 (7th Cir. 1997) ("Under 28 U.S.C. § 2253(c)(1)(B), a federal prisoner needs a certificate of appealability only when appealing from the denial of relief under 28 U.S.C. § 2255.").

Dated: January 9, 2014

DORSEY & WHITNEY LLP

By: s/Kirsten E. Schubert
Steven J. Wells (admitted *pro hac vice*)
(COUNSEL OF RECORD)
Kirsten E. Schubert (admitted *pro hac vice*)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Eric K. Koselke, # 5593-54
6202 N. College Avenue
Indianapolis, IN 46220
Telephone: (317) 722-2591
Facsimile: (317) 257-5300

*Attorneys for Petitioner Bruce Webster*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2014, a copy of the foregoing DOCKETING

STATEMENT OF PETITIONER-APPELLANT BRUCE CARNEIL WEBSTER was filed

electronically.  Notice of this filing will be sent to the following parties by operation of the

Court's electronic filing system.  Parties may access this filing through the Court's system.

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204-3048
Email: gerald.coraz@usdoj.gov

Eric K. Koselke
Attorney at Law
6202 North College
Indianapolis, IN  46220
ekoselke@wkelaw.com

Dated: January 9, 2014                    DORSEY & WHITNEY LLP

                                          By:  s/Kirsten E. Schubert
                                          Kirsten E. Schubert

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| **BRUCE CARNEIL WEBSTER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 2:12-cv-86-WTL-WGH** |
| | ) | |
| **CHARLES LOCKETT Warden, United** | ) | |
| **States Penitentiary, Terre Haute (USP),** | ) | |
| | ) | |
| **Respondent.** | ) | |

**<u>ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS</u>**

This cause is before the Court on Petitioner Bruce Carneil Webster's petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241.[1] Dkt. No. 1. Webster's motion is fully briefed, and

the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

**I.     <u>BACKGROUND</u>**

During the fall of 1994, Webster, Orlando Hall, and Marvin Holloway operated a

marijuana trafficking business in Pine Bluff, Arkansas.[2] With the help of Steven Beckley, the

men regularly purchased marijuana from the Dallas/Fort Worth area in Texas and transported the

drugs back to Arkansas. On September 21, 1994, Hall flew to Dallas to purchase marijuana from

two local drug dealers, Stanfield Vitalis and Neil Rene. That same day, Hall and Beckley met

with Vitalis and Rene at a car wash and gave them $4,700 for the purchase of marijuana. The

---

[1] Although Webster received a sentence of death and is currently incarcerated in the
Special Confinement Unit in Terre Haute, Indiana,  his execution has been stayed pending the
outcome of *Roane v. Gonzalez*, 1:05-cv-2337 (D. D.C.). *Roane* involves a constitutional
challenge to the method of lethal injection used by the federal government. Webster's Pet. at 2,
n. 1, Dkt. No. 1.

[2] The circumstances that led to Webster's arrest and convictions are discussed in more
detail in *United States v. Webster*, 162 F.3d 308 (5th Cir. 1998) ("*Webster Direct Appeal*").

men agreed to return to the car wash later that that day to transfer the drugs. Vitalis and Rene, however, never returned to the car wash and later claimed they were robbed of the $4,700.

On September 24, 1994, Webster flew to Dallas where he met with Hall, Hall's brother Demetrius Hall, and Beckley. After they discovered where Neil Rene lived, the four men drove to Rene's apartment and knocked on his door. Lisa Rene, Neil Rene's sixteen-year-old sister, was the only one home. She refused to let the men in and called police. Armed with handguns, a baseball bat, duct tape, and gasoline, the men forced their way into the apartment and kidnapped Lisa before police arrived. Lisa was eventually taken to a motel in Pine Bluff, Arkansas where she was held for several days. During the ordeal, she was repeatedly sexually assaulted by Webster and the other men. After two days of captivity, Webster, Hall, and Beckley drove Lisa to a park where they placed a sheet over her head and beat her with a shovel. "Webster then gagged her and dragged her into [a] grave. He stripped her, covered her with gasoline, and shoveled dirt back into the grave." *Webster Direct Appeal*, 162 F.3d at 319. Although she was "likely still breathing," Webster, Hall, and Beckley buried Lisa and returned to the motel. *Id.*

Shortly thereafter, Beckley was arrested and confessed to police. As a result, Webster was charged by indictment with kidnapping in which a death occurred in violation of 18 U.S.C. § 1201(a)(1) (count one), conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c) (count two), traveling in interstate commerce with the intent to promote extortion in violation of 18 U.S.C. § 1952 (count five), and using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (count six). In February 1995, the Government filed its notice of intent to seek the death penalty against Webster.

In 1996, a jury found Webster guilty of counts one, two, and six of the indictment.[3] During a separate sentencing hearing before the same jury, Webster's defense team argued that Webster is mentally retarded and thus could not be sentenced to death pursuant to 18 U.S.C. § 3596(c).[4] In support of this argument, defense counsel introduced as evidence Webster's low IQ scores, testimony from Webster's friends and family, and testimony from four psychologists and psychiatrists who examined Webster after his arrest.[5]

During the hearing, clinical psychologist Dr. Raymond Finn testified that he administered a full-scale intelligence test on Webster, the Wechsler Adult Intelligence Scale-Revised ("WAIS-R"), and Webster received an IQ score of 59. Dr. Finn also opined that Webster is "clearly mentally retarded." Similarly, psychologist Dr. Denis Keyes testified that he administered two intelligence tests on Webster, the Stanford-Binet Fourth Edition and the Kaufman Adolescent and Adult Intelligence Test, and Webster's IQ scores were 51 and 55, respectively. Dr. Keyes also conducted a Vineland adaptive skills test on Webster to measure his "adaptive functioning."[6] Dr. Keyes ultimately concluded that Webster functions at the level of a seven-year-old and is mentally retarded. Neuropsychologist Dr. Robert Fulbright testified that he performed several neuropsychological tests on Webster. Based on the results, he believed Webster had significant impairment in his intellectual capacity, attention capacity, and reasoning

---

[3] The Government agreed to dismiss count five.

[4] Section 3596(c) provides that "[a] sentence of death shall not be carried out upon a person who is mentally retarded."

[5] A fifth medical expert was presented on surrebuttal to critique the methodology used by one of the Government's experts.

[6] The term "adaptive functioning refers to how effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their particular age group, sociocultural background, and community setting." *Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition*, Text Revision (DSM-IV-TR) at 42.

abilities, and suffered from limited language and memory capabilities. The fourth expert, Dr. Mark Cunningham, testified that he spoke with Webster's family and examined Webster while he was in prison. Dr. Cunningham further testified that Webster suffers from mild mental retardation

Defense counsel also introduced evidence of an IQ test that was given to Webster by an Arkansas state mental health center in 1992. The test demonstrated that Webster had an IQ of only 48 more than a year before Lisa's kidnapping and murder. Webster's friends and family also testified at the hearing. They stated that Webster had to repeat two grades in school, was in special education classes, was unable to live away from his mother, received income from welfare, food stamps, family members, and girlfriends, and had illegible handwriting.

To rebut Webster's evidence of mental retardation, the Government presented testimony from two experts. Dr. George Parker testified that he administered a partial WAIS-R and estimated Webster's IQ to be 72. He also testified that Webster does not suffer from mental retardation, and Webster's IQ scores were artificially deflated because he was motivated to do poorly on the tests to avoid the death penalty. Dr. Richard Coons, a psychiatrist, testified similarly. Dr. Coons further claimed that Webster had lied about taking special education classes in his youth.[7]

The Government also focused on Webster's apparent ability to adapt to life in jail. Dr. Parker and Dr. Coons testified that Webster made his bed, put away his clothes, and kept an organized cell while awaiting trial. Fellow inmates and corrections officers also testified that Webster had written letters, grievances, and requests for various services, read newspapers aloud, submitted names and addresses for his visitation list, appeared to be reading from law books and

---

[7] Two witnesses from Watson Chapel Schools testified at the sentencing hearing that Webster did not attend special education classes while in school.

taking notes in the law library, and on one occasion, Webster complained because he received incorrect change from the commissary.

At the conclusion of the hearing, the jury determined that several statutory and non-statutory aggravating factors existed, *see* 18 U.S.C. § 3592, and concluded that the death penalty was an appropriate sentence for Webster's actions. On September 30, 1996, the court agreed with the jury's recommendation and sentenced Webster to death on count one, life imprisonment on count two, and sixty months' imprisonment on count six. The court also issued an entry entitled Factual Finding Regarding Mental Retardation stating that, "Webster is not mentally retarded and . . . he possesses the requisite mental capacity to understand the death penalty and why it will be imposed on him. As a result, the defendant Webster is not exempt under 18 U.S.C. § 3596(c) from implementation of the death penalty." *Webster Direct Appeal*, 162 F.3d at 351.

Webster appealed his convictions and sentence to the Fifth Circuit arguing, among other things, that his death sentence was unconstitutional because he is, in fact, mentally retarded. The court disagreed, however, noting that "[t]he government presented substantial evidence to support the finding" the he was not mentally retarded. *Id.* at 353. Webster's conviction and death sentence were ultimately affirmed by the Fifth Circuit, and the Supreme Court of the United States denied his petition for certiorari. *Webster v. United States*, 528 U.S. 829 (1999).

Thereafter, on September 29, 2000, Webster timely filed a motion for relief pursuant to 28 U.S.C. § 2255.[8] Again, Webster argued that his death sentence is improper because he is mentally retarded. Webster also argued that counsel was ineffective in failing "to investigate and present additional evidence demonstrating mental retardation and the extreme abuse Webster suffered as a child." *United States v. Webster*, 392 F.3d 787, 793 (5th Cir. 2004) ("*Webster 2255*

---

[8] An amended motion was filed on August 16, 2002.

5

*I*"). The district court denied his motion, but granted a certificate of appealability as to two of Webster's claims: "first, that the evidence presented at trial was insufficient to warrant the district court's finding that Webster is not mentally retarded; and second, that his alleged retardation renders him ineligible for a death sentence." *United States v. Webster*, 421 F.3d 308, 310 (5th Cir. 2005) ("*Webster 2255 II*").

Once more, however, the Fifth Circuit rejected Webster's arguments regarding his alleged mental retardation and provided the following explanation for its decision:

> Webster claims he is mentally retarded and thus ineligible for his death sentence, but . . . Webster's brief does not point to any new evidence bearing directly on his mental capacity; instead, it summarizes the evidence presented at trial concerning his cognitive abilities and childhood experiences.

> Webster cannot, however, continue to litigate this claim hoping that some court eventually will agree with him. The question whether he is mentally retarded was, as the district court observed, "a highly contested one at trial," and Webster failed to convince either the district court that he is retarded or, moreover, a majority of the jurors that he is or even *may be* retarded.

*Id.* at 313-14 (citation omitted) (emphasis in original). Webster's petition for a writ of certiorari was denied by the Supreme Court. *Webster v. United States*, 549 U.S. 828 (2009).

Webster also separately appealed the district court's denial of a certificate of appealability on the remainder of his § 2255 claims, including the allegation that counsel was ineffective in failing to present additional evidence of his mental retardation during the sentencing hearing. The Fifth Circuit, however, agreed with the district court's assessment of Webster's ineffective assistance of counsel claim noting that

> [a]fter engaging in an exhaustive review of the trial record, the district court determined that defense counsel presented a significant amount of such evidence; and, although more of the same or similar evidence could have been furnished, counsel were not constitutionally ineffective for failing to present more of the same.

*Webster 2255 I*, 392 F.3d at 793. The Fifth Circuit further stated:

> Indeed, our review of the trial record confirms that Webster's counsel were far from constitutionally ineffective in investigating and presenting evidence of his mental condition and the abuse he suffered as a child. During the punishment phase, counsel presented lengthy and detailed testimony from four medical experts regarding Webster's mental capacity and the testimony of a fifth medical expert on surrebuttal to critique the methodology used by one of the government's experts in testing Webster's cognitive abilities.

*Id.* at 793-94.

Webster's appeals did not stop there, however. On October 22, 2009, Webster moved the Fifth Circuit for authorization to file a second motion for relief under 28 U.S.C. § 2255. Pursuant to § 2255(h)(1),

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense.

Webster argued that a successive 2255 motion was warranted because he had newly discovered evidence "in the form of government and school records and additional testimony" establishing that he is mentally retarded, and thus, ineligible for the death penalty. *In re Webster*, 605 F.3d 256, 257 (5th Cir. 2010) ("*Webster 2255 III*"). Webster's "newly discovered evidence" included records from the Social Security Administration indicating that he was diagnosed with mental retardation months before he kidnapped, assaulted, and murdered Lisa and a letter from his school indicating that he was, in fact, enrolled in special education classes. Webster argued that, had this evidence been presented at trial, it would have refuted the Government's arguments that he was pretending to be mentally retarded to avoid the death penalty and he was lying when he said he attended special education classes. The Fifth Circuit, however, held that "a petitioner cannot bring a successive claim under § 2255(h)(1) where he does not assert that the newly discovered evidence would negate his guilt of the offense of which he was convicted, *i.e.*, capital

murder." *Id.* at 257. Because Webster's newly discovered evidence challenged only his sentence, i.e., his death sentence, the court denied Webster's request to file a subsequent § 2255 motion without considering the merits of the new evidence.[9]

Webster now seeks relief from this Court pursuant to 28 U.S.C. § 2241 based on the same newly discovered evidence addressed in his motion for authorization to file a second motion under 28 U.S.C. § 2255. Webster argues that "because section 2255 is inadequate and ineffective, section 2241 is the appropriate mechanism for Petitioner to challenge the unconstitutionality of his death sentence based on previously unavailable evidence." Webster's Pet. at 26.

## II.     STANDARD

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) if it finds the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Webster seeks such a writ from this Court.

## III.     DISCUSSION

Before the Court may consider the merits of Webster's petition, the Court must determine whether he satisfies the savings clause of § 2255, and is thus entitled to attack his sentence under § 2241.

> In general, federal prisoners who wish to attack the validity of their convictions or sentences are required to proceed under § 2255. Furthermore, in the overwhelming majority of cases § 2255 specifically prohibits prisoners from circumventing § 2255 and challenging their convictions to sentences through a habeas petition under § 2241. There is, however, a recognition in the statute that it will not apply in a narrow class of cases. This is the so-called "savings clause" of

---

[9] The court, however, was not unsympathetic to Webster's situation, as one concurring judge wrote that the court's holding, although legally correct, was absurd and "Kafkaesque." *Id.* at 259. He believed that if Webster were allowed to present the newly discovered evidence "to a judge or jury for consideration on the merits, it is virtually guaranteed that he would be found to be mentally retarded," and thus, ineligible for the death penalty. *Id.*

§ 2255, which allows prisoners to bring § 2241 petitions if they can show that the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention."

*United States v. Prevatte*, 300 F.3d 792, 799 (7th Cir. 2002) (quoting *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001)). According to the Seventh Circuit, "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998); *see also Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007) (if § 2255 offers "one full and fair opportunity to contest" one's conviction, a § 2241 petition must be dismissed under § 2255), *Potts v. United States*, 210 F.3d 770, 770 (7th Cir. 2000) ("The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits."). The following qualifications, however, apply to this rule:

> The first is that the change of law has to have been made retroactive by the Supreme Court. . . . The second is that it must be a change that eludes the permission in section 2255 for successive motions. . . . Third, "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated.

*Id.* at 611-12.

Post-*Davenport*, the Seventh Circuit has concluded that "[e]very court that has addressed the matter has held that § 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review—and then only when as in *Davenport* the claim being foreclosed is one of actual innocence." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also Unthank v. Jett*, 549 F.3d 534, 536 (7th Cir. 2008) ("§ 2255 is inadequate or ineffective only when a prisoner is unable to present a claim of actual innocence"). In other words, a petitioner cannot show that a motion under § 2255 is "ineffective" simply

because that remedy is no longer available, either because the deadline for filing such a motion has passed or because petitioner filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h). *Unthank*, 549 F.3d at 535-36 (citing *Taylor*, 314 F.3d at 836) (further rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge under § 2255, then § 2255(e) must open the door to a challenge under § 2241").

In *Taylor*, the petitioner was convicted of several drug and firearms offenses. After the Seventh Circuit affirmed his convictions and sentences, Taylor filed a motion for relief pursuant to § 2255 with the district court arguing that "an error in applying the Sentencing Guidelines' grouping rules had elevated his range by 6 to 21 months, and that the judge should correct this error by reducing his sentence." *Id.* at 833. The court denied his motion under then prevailing Circuit law without investigating whether "counsel's failure to call this to the attention of the trial and appellate courts was constitutionally deficient." *Id.*

Thereafter, the Supreme Court issued a decision unrelated to Taylor's case that suggested that the district court erred in denying Taylor's § 2255 motion. As a result, Taylor filed a petition for writ of habeas corpus under § 2241, arguing effectively that "his lawyer furnished ineffective assistance by failing to argue at sentencing or on appeal that his convictions should have been grouped under U.S.S.G. § 3D1.2," as the Supreme Court had ruled in a similar case. *Id.* at 836. In determining whether Taylor's petition satisfied the savings clause of § 2255, the court reasoned that "the sort of argument Taylor want[ed] to present . . . has been around for a long time. . . . It does not illuminate any structural defect in § 2255 or present any fundamental error equivalent to actual innocence." *Id.* Moreover, the court noted that, although the Supreme Court issued a decision showing that the disposition of his first § 2255 proceeding had been mistaken,

10

"[t]he intervening decision did not . . . create a new and retroactive rule of constitutional law; at most it just showed that an error had been made in applying an old rule to Taylor's situation." *Unthank*, 549 F.3d at 535. Accordingly, Taylor's petition was denied.

Here, Webster argues that he is mentally retarded and thus ineligible for the death penalty. This sort of argument, however, is by no means new. *See Atkins v. Virginia*, 536 U.S. 304, 314 (2002) ("In 1988, when Congress enacted legislation reinstating the federal death penalty, it expressly provided that a 'sentence of death shall not be carried out upon a person who is mentally retarded.'"). Thus, the law on this topic has not recently changed such that Webster was *unable* to argue that he was mentally retarded prior to the instant petition. Rather, it is clear from the record that Webster's mental ability was a highly contested issue at every stage of the proceedings.[10] *Cf. Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) ("A newly discovered factual basis for a claim may permit filing a successive petition raising a new claim, . . . but it does not permit filing a successive petition raising the same claim that was presented in a previous petition."); *In re Hill*, 715 F.3d 284, 292 (11th Cir. 2013) (Petitioner "cannot convert his previously asserted 'claim' into a wholly new 'claim' merely by coming forward with new supporting evidence or even new legal arguments.").

Notwithstanding the foregoing, Webster argues that "[t]he newly available evidence . . . taken together with the evidence presented at trial, proves that Mr. Webster is mentally retarded

---

[10] Webster argues that "it was simply not possible for [him] to bring his claim in connection with his original petition because most of the new evidence upon which [his] Petition is based was in government files that were neither produced to [him] nor made available to him, despite his request." Webster's Br. at 31. Based on the affidavits provided by Webster, trial counsel requested the information prior to Webster's trial, but the documents were never produced. Apparently, trial counsel did not follow-up on his request. The information was not requested again until October 2008, more than twelve years after his trial and several years after his direct appeals and his initial § 2255 motion were unsuccessful. Unfortunately, it is now too late to present this evidence.

and, therefore, 'actually innocent' of the death penalty." Webster's Br. at 32. Thus, like one of

the petitioners in *Davenport*, he is "actually innocent" of the offense and the Court should

consider the merits of his petition. The Government argues, on the other hand, that "a challenge

to a sentence does not amount to a claim that a prisoner is innocent of the offense."

Government's Resp. at 13, Dkt. No. 17.

The term "actual innocence" is derived from § 2255(h)(1), which allows for successive

2255 motions under limited circumstances. The rule provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a
> panel of the appropriate court of appeals to contain—(1) newly discovered
> evidence that, if proven and viewed in light of the evidence as a whole, would be
> sufficient to establish by clear and convincing evidence that no reasonable
> factfinder would have found the movant guilty of the offense.

Before it was codified in § 2255 of the Antiterrorism and Effective Death Penalty Act

("AEDPA"), "the 'actual innocence' exception . . . was judge-made." *Hope v. United States*, 108

F.3d 119, 120 (7th Cir. 1997). The Supreme Court discussed the judge-made actual innocence

exception as it applies in capital cases in *Sawyer v. Whitley*, 505 U.S. 333 (1992). In that case,

the Court held that "to show 'actual innocence' one must show by clear and convincing evidence

that, but for a constitutional error, no reasonable juror would have found the petitioner eligible

for the death penalty under the applicable state law." *Id.* at 336. In other words, "actual

innocence" could mean "innocent of the death penalty." Webster argues that this Court should

apply this definition and allow his petition to proceed.

Webster, however, made this exact argument before the Fifth Circuit on his motion for

authorization to file a second motion for relief under 28 U.S.C. § 2255, and the Fifth Circuit

rejected his argument, concluding that the judge-made exception noted in *Sawyer* no longer

applied. It decided that

there is no reason to believe that Congress intended the language "guilty of the offense" to mean "eligible for a death sentence." Had Congress wanted the provision to cover challenges to a sentence—even if only to a death sentence—it easily could have referenced sentences explicitly in the text, as it did numerous times throughout § 2255. Or if Congress had intended to signal courts to incorporate the old, broad interpretation of actual innocence, it well could have used the words, "actual innocence." Instead, it elected to couch § 2255(h)(1) . . . in the markedly different, unmistakable terms of *guilt of the offense*.

*Webster 2255 III*, 605 F.3d at 258-59 (emphasis in original). Moreover, since the actual innocence exception was codified, Circuit courts, including the Seventh Circuit, have unanimously held that the *Sawyer* exception did not survive the enactment of AEPDA. *See, e.g.*, *Hope*, 108 F.3d at 120; *Hill*, 715 F.3d at 300; *Webster 2255 III*, 605 F.3d at 258. Therefore, as the Government contends, actual innocence means innocent of the offense—not innocent of the death penalty.

Webster does not argue that he is actually innocent of his crimes. He argues only that he is not eligible for the death penalty because he is mentally retarded. Thus, based on the foregoing case law, Webster is unable to show that § 2255 is an inadequate or ineffective remedy such that he may bring a petition for writ of habeas corpus under § 2241. Accordingly, and unfortunately, the Court is unable to consider the merits of Webster's petition.

## IV.    CONCLUSION

For the foregoing reasons, Webster's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**.

SO ORDERED: 11/13/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BRUCE CARNEIL WEBSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Cause No. 2:12-cv-86-WTL-WGH |
| | ) | |
| CHARLES LOCKETT Warden, United | ) | |
| States Penitentiary, Terre Haute (USP), | ) | |
| | ) | |
| Respondent. | ) | |

## <u>JUDGMENT</u>

The Court having this day made its Entry, **IT IS THEREFORE ADJUDGED** that the

Petitioner take nothing by his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241,

and the civil action docketed as Cause No. 2:12-cv-86-WTL-WGH is **DISMISSED WITH**

**PREJUDICE**.

SO ORDERED:

Copies to all counsel of record via electronic communication.

# U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:12-cv-00086-WTL-WGH

WEBSTER v. LOCKETT
Assigned to: Judge William T. Lawrence
Referred to: Magistrate Judge William G. Hussmann, Jr
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 04/06/2012
Date Terminated: 11/13/2013
Jury Demand: None
Nature of Suit: 535 Death Penalty - Habeas
Corpus
Jurisdiction: Federal Question

## Petitioner

**BRUCE CARNEIL WEBSTER**                 represented by **Eric K. Koselke**
141 East Washington Street
Suite 200
Indianapolis, IN 46204
(317)722-2591
Fax: (317)920-9726
Email: ekoselke@wkelaw.com
*ATTORNEY TO BE NOTICED*

**Kirsten E. Schubert**
DORSEY & WHITNEY LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498
612-492-6755
Fax: 612-340-8800
Email: schubert.kirsten@dorsey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven J. Wells**
DORSEY & WHITNEY LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498
612-340-7809
Fax: 952-516-5526
Email: wells.steve@dorsey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

## Respondent

**CHARLES LOCKETT**
*Warden, United States Penitentiary, Terre*
*Haute (USP)*

represented by **Gerald A. Coraz**
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204-3048
(317)226-6333
Fax: (317)226-6125
Email: gerald.coraz@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/06/2012 | 1 | PETITION for Writ of Habeas Corpus, filed by BRUCE CARNEIL WEBSTER. (Attachments: # 1 Receipt # IP029188)(MAC) (Entered: 04/06/2012) |
| 04/06/2012 | 2 | NOTICE of Appearance by Eric K. Koselke on behalf of Petitioner BRUCE CARNEIL WEBSTER. (MAC) (Entered: 04/06/2012) |
| 04/06/2012 | 3 | DECLARATION of Steven J. Wells re 1 Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2241 by BRUCE CARNEIL WEBSTER. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y)(MAC) (Entered: 04/06/2012) |
| 04/06/2012 | 4 | CIVIL COVER SHEET, filed by Petitioner BRUCE CARNEIL WEBSTER. (MAC) (Entered: 04/06/2012) |
| 04/19/2012 | 5 | MOTION for Attorney Kirsten E. Schubert to Appear pro hac vice, filed by Petitioner BRUCE CARNEIL WEBSTER. (Attachments: # 1 Text of Proposed Order Granting Schurbert to appear Pro Hac Vice)(RSF) (Entered: 04/19/2012) |
| 04/19/2012 | 6 | MOTION for Attorney Steven J. Wells to Appear pro hac vice, filed by Petitioner BRUCE CARNEIL WEBSTER. (Attachments: # 1 Text of Proposed Order Granting Wells to appear Pro Hac Vice)(RSF) (Entered: 04/19/2012) |
| 04/19/2012 | 7 | RECEIPT #IP029385 in the amount of $ 30.00 regarding PHV appearance of Kirsten E. Schubert. (RSF) (Entered: 04/19/2012) |
| 04/19/2012 | 8 | RECEIPT #IP029386 in the amount of $ 30.00 regarding PHV appearance of Steven J. Wells. (RSF) (Entered: 04/19/2012) |
| 04/19/2012 | 9 | ENTRY and ORDER TO SHOW CAUSE - A copy of this Entry and Order to Show Cause shall be distributed to the United States Attorney. The respondent shall have through May 30, 2012, in which to answer the allegations of the habeas petition, and in doing so shall show cause why the relief sought by the petitioner should not be granted. The petitioner shall have thirty (30) days after service of the answer in which to reply. (See Entry.) Copies mailed pursuant to distribution list. Signed by Judge William T. Lawrence on 4/19/2012.(RSF) (Entered: 04/19/2012) |
| 04/19/2012 | 10 | ***PLEASE NOTE MARGINAL ENTRY***ORDER granting 6 Motion to Appear pro hac vice. Attorney Steven J. Wells for BRUCE CARNEIL WEBSTER added. |

| | | |
|---|---|---|
| | | Signed by Magistrate Judge William G. Hussmann, Jr., on 4/19/2012. (NRN) (Entered: 04/19/2012) |
| 04/19/2012 | 11 | ***PLEASE NOTE MARGINAL ENTRY***ORDER granting 5 Motion to Appear pro hac vice. Attorney Kristen E. Schubert for BRUCE CARNEIL WEBSTER added. Signed by Magistrate Judge William G. Hussmann, Jr., on 4/19/2012. (NRN) (Entered: 04/19/2012) |
| 05/02/2012 | 12 | NOTICE of Appearance by Gerald A. Coraz on behalf of Respondent CHARLES LOCKETT. (Coraz, Gerald) (Entered: 05/02/2012) |
| 05/02/2012 | 13 | MOTION for Extension of Time to August 28, 2012 , filed by Respondent CHARLES LOCKETT. (Attachments: # 1 Text of Proposed Order)(Coraz, Gerald) (Entered: 05/02/2012) |
| 05/09/2012 | 14 | ENTRY - granting in part and denying in part 13 Motion for Extension of Time. The respondent shall have through July 10, 2012, in which to show cause why the relief sought by the petitioner shall not be granted. (See Entry.) Signed by Judge William T. Lawrence on 5/9/2012. (RSF) (Entered: 05/09/2012) |
| 07/03/2012 | 15 | Second MOTION for Extension of Time to August 9, 2012 , filed by Respondent CHARLES LOCKETT. (Attachments: # 1 Text of Proposed Order)(Coraz, Gerald) (Entered: 07/03/2012) |
| 07/08/2012 | 16 | ORDER - granting 15 Motion for Extension of Time, to 8/9/12, in which to respond to the petitioner's Writ of Habeas Corpus. Signed by Judge William T. Lawrence on 7/8/2012. (RSF) Modified on 7/9/2012 - removed language regarding mailing copy to petitioner (RSF). (Entered: 07/09/2012) |
| 08/07/2012 | 17 | RETURN TO ORDER TO SHOW CAUSE, re 9 Order to Show Cause, filed by CHARLES LOCKETT.. (Attachments: # 1 Attach 1-Summary Evidence, # 2 Attach 2-Westlaw Document)(Coraz, Gerald) (Entered: 08/07/2012) |
| 08/16/2012 | 18 | First MOTION for Extension of Time to September 29, 2012 , filed by Petitioner BRUCE CARNEIL WEBSTER. (Attachments: # 1 Text of Proposed Order)(Schubert, Kirsten) (Entered: 08/16/2012) |
| 08/16/2012 | 19 | Amended MOTION for Extension of Time to September 28, 2012 , filed by Petitioner BRUCE CARNEIL WEBSTER. (Attachments: # 1 Text of Proposed Order)(Schubert, Kirsten) (Entered: 08/16/2012) |
| 08/20/2012 | 20 | ENTRY - denying as moot 18 Motion for Extension of Time, and granting 19 Motion for Extension of Time, to 9/28/12, in which to file reply. Signed by Judge William T. Lawrence on 8/20/2012. (RSF) Modified on 8/20/2012 (RSF). (Entered: 08/20/2012) |
| 09/20/2012 | 21 | Second MOTION for Extension of Time to October 12, 2012 , filed by Petitioner BRUCE CARNEIL WEBSTER. (Attachments: # 1 Proposed Order)(Schubert, Kirsten) (Entered: 09/20/2012) |
| 09/24/2012 | 22 | ORDER - granting 21 Motion for Extension of Time, to 10/12/12, in which to Reply to Respondent's Return to Order to Show Cause. Signed by Judge William T. Lawrence on 9/24/2012. (RSF) (Entered: 09/24/2012) |
| 10/12/2012 | 23 | RESPONSE *Reply to Return to Order to Show Cause*, re 17 Return to Order to Show Cause, filed by Petitioner BRUCE CARNEIL WEBSTER. (Schubert, Kirsten) (Entered: 10/12/2012) |

| 10/12/2012 | 24 | AFFIDAVIT re 23 Response *of Kirsten E. Schubert* by BRUCE CARNEIL WEBSTER. (Attachments: # 1 Exhibit Exhibit A - 6-24-08 Rodgers Letter)(Schubert, Kirsten) (Entered: 10/12/2012) |
|---|---|---|
| 10/12/2012 | 25 | DECLARATION of Kristen K. LeRoux re 23 Response by BRUCE CARNEIL WEBSTER. (Attachments: # 1 Exhibit A - 1996 Fax to SSA, # 2 Exhibit B - 10-27-08 Letter to SSA, # 3 Exhibit C - 12-15-08 Letter to SSA, # 4 Exhibit D - 10-8-09 Letter to SSA, # 5 Exhibit E - 10-22-09 Letter from SSA, # 6 Exhibit F - 11-23-09 Letter to SSA, # 7 Exhibit G - 12-4-09 Letter from SSA)(Schubert, Kirsten) (Entered: 10/12/2012) |
| 09/03/2013 | 26 | NOTICE of Change of Attorney Information. Consistent with Local Rule 5-3, Eric K. Koselke hereby notifies the Clerk of the court of changed contact information. (Koselke, Eric) (Entered: 09/03/2013) |
| 10/07/2013 | 27 | ORDER Granting in Part and Denying in Part United States' Motion for a Stay of Civil Proceedings in which the United States, its Agencies, or Officers are a Party. All such Civil actions are STAYED and immediately suspended, postponed and held in abeyance, pending further Order of the Court, except habeas corpus proceedings and those which are specifically exempted form this Order in Exhibit A. A copy of the United States Motion is attached to this Docket Entry. This Order is docketed into the following cases: 1:13-cv-01092-TWP-MJD, 1:13-cv-01093-WTL-TAB, 1:13-cv-01101-SEB-DKL, 1:13-cv-01110-RLY-MJD, 1:13-cv-01118-SEB-DKL, 1:13-cv-01119-SEB-MJD, 1:13-cv-01128-WTL-MJD, 1:13-cv-01132-SEB-DKL, 1:13-cv-01137-RLY-MJD, 1:13-cv-01141-SEB-DKL, 1:13-cv-01170-JMS-TAB, 1:13-cv-01172-JMS-DKL, 1:13-cv-01182-SEB-TAB, 1:13-cv-01200-SEB-DML, 1:13-cv-01209-TWP-MJD, 1:13-cv-01212-WTL-DML, 1:13-cv-01257-JMS-MJD, 1:13-cv-01283-RLY-MJD, 1:13-cv-01361-SEB-MJD, 1:13-cv-01381-TWP-DML, 1:13-cv-01383-RLY-DML, 1:13-cv-01517-TWP-DKL, 2:10-cv-00042-LJM-MJD, 2:10-cv-00140-JMS-WGH, 2:10-cv-00149-WTL-WGH, 2:10-cv-00172-JMS-WGH, 2:10-cv-00180-WTL-TAB, 2:10-cv-00244-WTL-WGH, 2:10-cv-00314-WTL-WGH, 2:11-cv-00004-LJM-WGH, 2:11-cv-00015-WTL-DKL, 2:11-cv-00091-WTL-DKL, 2:11-cv-00142-JMS-DKL, 2:11-cv-00149-WTL-WGH, 2:11-cv-00187-JMS-WGH, 2:11-cv-00262-JMS-DKL, 2:11-cv-00263-WTL-WGH, 2:11-cv-00299-WTL-WGH, 2:11-cv-00300-JMS-WGH, 2:11-cv-00337-JMS-MJD, 2:12-cv-00061-WTL-WGH, 2:12-cv-00080-WTL-WGH, 2:12-cv-00086-WTL-WGH, 2:12-cv-00109-WTL-DKL, 2:12-cv-00176-JMS-MJD, 2:12-cv-00177-JMS-WGH, 2:12-cv-00206-WTL-DKL, 2:12-cv-00211-WTL-DKL, 2:12-cv-00224-JMS-MJD, 2:12-cv-00248-LJM-DKL. Signed by Judge Richard L. Young on 10/7/2013. (Attachments: # 1 Motion to Stay)(MAC) (Entered: 10/07/2013) |
| 10/18/2013 | 28 | ORDER granting United States Motion for Order Lifting Stay of Civil Litigation in which the United States is a Party. Unless otherwise ordered by a judge of this Court or a bankruptcy judge in a particular case, any deadlines in a case, including bankruptcy cases, impacted by this Court's Order of October 7, 2013, imposed by order of a judicial officer of this Court, by a bankruptcy judge, by the Federal Rules of Civil Procedure, or by the Federal Rules of Bankruptcy Procedure, and in effect as of October 1, 2013, are hereby extended by 16 calendar days from the deadline. Any party may seek relief from this general Order extending time by motion in a particular case. This Order is docketed into the following cases: 1:13-cv-01092-TWP-MJD, 1:13-cv-01093-WTL-TAB, 1:13-cv-01101-SEB-DKL, 1:13-cv-01110-RLY-MJD, 1:13-cv-01118-SEB-DKL, 1:13-cv-01119-SEB-MJD, 1:13-cv-01128-WTL-MJD, 1:13-cv-01132-SEB-DKL, 1:13-cv-01137-RLY-MJD, 1:13-cv-01141-SEB-DKL, 1:13-cv-01170-JMS-TAB, 1:13-cv-01172-JMS-DKL, 1:13-cv-01182-SEB-TAB, 1:13-cv-01200-SEB-DML, |

| | | |
|---|---|---|
| | | 1:13-cv-01209-TWP-MJD, 1:13-cv-01212-WTL-DML, 1:13-cv-01257-JMS-MJD, 1:13-cv-01283-RLY-MJD, 1:13-cv-01361-SEB-MJD, 1:13-cv-01381-TWP-DML, 1:13-cv-01383-RLY-DML, 1:13-cv-01517-TWP-DKL, 2:10-cv-00042-LJM-MJD, 2:10-cv-00140-JMS-WGH, 2:10-cv-00149-WTL-WGH, 2:10-cv-00172-JMS-WGH, 2:10-cv-00180-WTL-TAB, 2:10-cv-00244-WTL-WGH, 2:10-cv-00314-WTL-WGH, 2:11-cv-00004-LJM-WGH, 2:11-cv-00015-WTL-DKL, 2:11-cv-00091-WTL-DKL, 2:11-cv-00142-JMS-DKL, 2:11-cv-00149-WTL-WGH, 2:11-cv-00187-JMS-WGH, 2:11-cv-00262-JMS-DKL, 2:11-cv-00263-WTL-WGH, 2:11-cv-00299-WTL-WGH, 2:11-cv-00300-JMS-WGH, 2:11-cv-00337-JMS-MJD, 2:12-cv-00061-WTL-WGH, 2:12-cv-00080-WTL-WGH, 2:12-cv-00086-WTL-WGH, 2:12-cv-00109-WTL-DKL, 2:12-cv-00176-JMS-MJD, 2:12-cv-00177-JMS-WGH, 2:12-cv-00206-WTL-DKL, 2:12-cv-00211-WTL-DKL, 2:12-cv-00224-JMS-MJD, 2:12-cv-00248-LJM-DKL. Signed by Judge Richard L. Young on 10/18/2013.(MAC) (Entered: 10/18/2013) |
| 11/13/2013 | 29 | ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS - This cause is before the Court on Petitioner Bruce Carneil Webster's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. 1 Webster's motion is fully briefed, and the Court, being duly advised, DENIES the motion for the reasons set forth below. (See Entry.) Signed by Judge William T. Lawrence on 11/13/2013.(RSF) Modified on 11/13/2013 (RSF). (Entered: 11/13/2013) |
| 11/13/2013 | 30 | CLOSED JUDGMENT - JUDGMENT - The Petitioner take nothing by his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and the civil action docketed as Cause No. 2:12-cv-86-WTL-WGH is DISMISSED WITH PREJUDICE. Signed by Judge William T. Lawrence on 11/13/2013.(RSF) Modified on 11/13/2013 (RSF). (Entered: 11/13/2013) |
| 01/09/2014 | 31 | NOTICE OF APPEAL as to 29 Entry, filed by Petitioner BRUCE CARNEIL WEBSTER. (Filing fee $505, receipt number 0756-2920875) (Schubert, Kirsten) (Entered: 01/09/2014) |
| 01/09/2014 | 32 | DOCKETING STATEMENT by BRUCE CARNEIL WEBSTER re 31 Notice of Appeal (Schubert, Kirsten) (Entered: 01/09/2014) |
| 01/09/2014 | 33 | SEVENTH CIRCUIT TRANSCRIPT INFORMATION SHEET by BRUCE CARNEIL WEBSTER re 31 Notice of Appeal (Schubert, Kirsten) (Entered: 01/09/2014) |
| 01/09/2014 | 34 | CERTIFICATE OF SERVICE by BRUCE CARNEIL WEBSTER *Petitioner/Appellant's Proposed List of Additional Items to Designate for Record on Appeal* (Schubert, Kirsten) (Entered: 01/09/2014) |
| 01/09/2014 | 35 | SEVENTH CIRCUIT APPEAL INFORMATION SHEET re 31 Notice of Appeal - **Instructions for Attorneys - Parties' Short Record, Instructions, and Designation of Record information attached.** (JLM) (Entered: 01/09/2014) |

**Case #: 2:12-cv-00086-WTL-WGH**