UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BRUCE CARNEIL WEBSTER,
                    Petitioner,

v.                                                    Cause No.     2:12-CV-86-WTL-MJD

CHARLES LOCKETT,
                    Respondent.

## GOVERNMENT'S RESPONSE IN OPPOSITION
## TO WEBSTER'S DISCOVERY MOTION

Webster fails to show good cause for the Court to order discovery from the United

States Attorney's Office.  His request relies solely on the possibility that *if* certain

evidence exists, it is relevant to his habeas petition.  But unlike the typical civil litigant

for whom discovery is allowed in the ordinary course, habeas petitioners like Webster

must affirmatively demonstrate good cause before the Court can authorize discovery.

Webster's showing does not meet that standard.  Moreover, the declarations that the

government attaches to this response show conclusively that discovery is unjustified and

unnecessary.

## ARGUMENT AND AUTHORITIES

**1.     Webster must show good cause for discovery.**

Webster indicates that he intends to seek discovery from the U.S. Attorney's

Office to address the following subjects:

(i) "The extent to which the U.S. Attorney's Office had knowledge, documents, or other information relating to the existence or contents of SSA records regarding Mr. Webster, including the SSA Evidence[1]";

(ii) "The U.S. Attorney's Office's own inquiries and communications with the SSA at or before the time of trial regarding any records relating to Petitioner in the possession of the SSA, including any attempts to obtain Petitioner's records from the SSA, and the SSA's response"; and

(iii) "The U.S. Attorney's Office's inquiries and communications with the SSA after the time of trial regarding Petitioner's SSA records, including any attempts to obtain the SSA Evidence (or similar evidence) and the SSA's response."

(Dkt. No. 63 at 3-4.)

Webster says that the requested information is "directly relevant" in this Section 2241 action because, consistent with the Court's Order of February 12, 2016, he "must address whether the SSA Evidence was unavailable at the time of trial through the exercise of [trial counsel's] due diligence." (*Id.* at 3 (citing Dkt. No. 62).) In particular, he suggests four areas of potential relevance: (i) whether the SSA Evidence was available to his trial counsel, (ii) whether his trial counsel was diligent in pursuing it, (iii) the circumstances surrounding its "spoliation," and (iv) whether the government's failed to disclose it in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). (Dkt. No. 63 at 6-7.)

Webster acknowledges—and the government agrees—that he must demonstrate good cause before discovery is authorized. (*See id.* at 4 (citing the Seventh Circuit's

---

[1] For purposes of this response, the government adopts Webster's definition of "SSA Evidence." (*See* Dkt. No. 63 at 2.)

favorable application of Rule 6 of the Rules Governing Section 2255 Proceedings to habeas cases, which reads: "A judge may, for good cause shown, authorize discovery under the Federal Rules of Civil and Criminal Procedure[.]").) As the Supreme Court has observed, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 903-05 (1997). Rule 6 does not "sanction fishing expeditions." *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Rather, "[a] federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief." *United States v. Webster*, 392 F.3d 787, 801-02 (5th Cir. 2004).

**2.     Webster fails to show good cause.**

Although Webster acknowledges his burden to show good cause, notably absent from his analysis is any evidence—direct or circumstantial—that the government knew of the SSA Evidence before Webster's successor counsel learned of it in 2009. He likewise points to nothing in the record, or any reasonable inference from the record, that the government requested or received the SSA Evidence or similar evidence from the SSA, that the government played a role in the destruction of the SSA Evidence, or that the government failed to disclose it in violation of *Brady*. Instead, each of Webster's four bases of relevance is merely an unsupported theory, as evidenced by the precursor: "if." (*See* Dkt. No. 63 at 6-7 (asking: "*if* the Government sought Petitioner's records from the SSA and was told . . . that none existed"; "[*i*]*f* the Government inquired of the SSA and got the same answer [as trial counsel]"; "[*i*]*f* the Government had communications with

the SSA about habeas counsel's request or the SSA's destruction of that evidence"; and

"*if* the U.S. Attorney's Office had, or knew about the existence of, the SSA Evidence, it had a duty to disclose it") (emphasis added).)

Moreover, the factual issues remanded to this Court focus on Webster's trial counsel and the Social Security Administration—not the U.S. Attorney's Office. These are his medical records resulting from his application to the SSA. Thus, the Court should limit discovery to the relevant topics and not allow an irrelevant fishing expedition into the U.S. Attorney's Office.

Considering Webster's insufficient showing, granting his discovery request would render Rule 6's good-cause requirement a nullity. It would also run afoul of the Supreme Court's admonition that habeas petitioners are not akin to "the usual civil litigant in federal court [who is otherwise] entitled to discovery as a matter of ordinary course." *See Bracy*, 520 U.S. at 903-05. "Fishing expeditions" are not permissible here, *see Rector*, 120 F.3d at 562 and *Perillo*, 79 F.3d at 444, and this Court "must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in [Webster's] favor, would entitle him to relief." *Webster*, 392 F.3d at 801-02. Webster cannot create factual disputes solely with supposition.

**3.** **In any event, Webster's speculative questions are readily answered by the declarations attached to the government's response.**

Apart from the insufficiency of Webster's showing, the Court can also deny his request based on the declarations attached to this response. The declarants include (i) former U.S. Attorney Richard B. Roper of the Northern District of Texas, who served

as the lead trial prosecutor at Webster's trial and sentencing, (ii) former Assistant U.S. Attorney Delonia A. Watson of the district's Appellate Section, who assisted the trial prosecutors at Webster's trial and sentencing, and then served as the lead counsel for the government in Webster's direct appeal, the Section 2255 motion and appeal, and the Section 2241 action at issue here, and (iii) FBI Special Agent Edmond Grant, who is assisting the U.S. Attorney's Office in this Section 2241 action by interviewing employees in the Social Security Administration regarding the SSA Evidence.

Collectively, the declarants address all of the subjects raised in Webster's request, and their sworn statements are more than sufficient to rebut Webster's theoretical showing. Attorneys Roper and Watson affirm that until the SSA Evidence became the subject of post-conviction litigation, the U.S. Attorney's Office did not have knowledge, documents, or other information relating to the existence or contents of the SSA Evidence. (Govt.'s Ex. 1 at 2-3; Ex. 2 at 2-3.) They also state that with regard to all evidence in the government's possession, including any evidence relating to Webster's intellectual capacity, the government fully complied with its discovery and disclosure obligations. (Govt.'s Ex. 1 at 2-3; Ex. 2 at 3.) Attorney Watson was in the unique position of having participated in the trial and post-conviction litigation, including this Section 2241 action. She says definitively that "the U.S. Attorney's Office first learned of the SSA Evidence after it became the subject of post-conviction litigation. Prior to that, the U.S. Attorney's Office did not have knowledge, documents, or other information relating to the existence or contents of the SSA Evidence." (Govt.'s Ex. 2 at 3.) Although Attorney Roper had left government service by the time the instant petition was

filed, he likewise states that "[u]ntil Webster began post-conviction litigation based on the SSA Evidence, [he does] not recall ever hearing of the existence of the SSA Evidence. As lead counsel, [he is] confident that other members of the prosecution team would have alerted [him] to the existence of this material." (Govt.'s Ex. 1 at 2.)

Special Agent Grant became involved in Webster's case at the request of the U.S. Attorney's Office after the Section 2241 was filed. (Govt.'s Ex. 3 at 1-2.) Because the government first learned of the SSA Evidence as a result of Webster's post-conviction litigation, the U.S. Attorney's Office requested—after the Seventh Circuit's remand— that Agent Grant contact the SSA to determine if the records still exist. Agent Grant was informed by the SSA that the records have been destroyed pursuant to agency policy. (*Id.* at 2-3.)

In sum, Webster fails to show good cause for discovery from the U.S. Attorney's Office. He does not prove that a factual dispute exists in relation to the requested discovery, nor does he prove that a favorable resolution of any factual dispute from the discovery would entitle him to relief. His request therefore fails at the threshold. In addition, the declarations produced by the government have conclusively answered the speculative questions that motivate Webster's discovery request—*i.e.*, that the U.S. Attorney's Office did not learn of the SSA Evidence until it became a subject of post-conviction litigation, that the evidence was destroyed pursuant to SSA policy, and that there was no *Brady* violation because the government was unaware of and did not possess the SSA Evidence prior to or during trial and sentencing.

## CONCLUSION

The Court should deny Webster's request for discovery.

Respectfully submitted,

Joshua Minkler
United States Attorney

*s/ Timothy W. Funnell*
Timothy W. Funnell
Special Assistant United States Attorney
Wisconsin State Bar No. 1022716
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: 817.252.5252
tim.funnell@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on March 9, 2016, a copy of this response was filed electronically.

Service of this filing will be made on all ECF-registered counsel by operation of the

court's electronic filing system. Counsel for Petitioner, Kristen E. Schubert, Monica

Foster, and Steven J. Wells, may access this filing through the court's system.

*s/ Timothy W. Funnell*
Timothy W. Funnell
Special Assistant United States Attorney