# Exhibit 1

IN UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BRUCE CARNEIL WEBSTER,
              Petitioner,

v.

CHARLES LOCKETT,
              Respondent.

§
§
§
§
§
§
§
§

Cause No. 2:12-CV-86-WTL-MJD

## DECLARATION OF RICHARD B. ROPER

I, Richard B. Roper, declare as follows:

1.      I have been a licensed attorney in Texas since 1982 and I have been admitted to practice law in the four federal districts in Texas and the United States Court of Appeals for the Fifth Circuit. I was employed as an Assistant United States Attorney ("AUSA"), and then as the United States Attorney, in the Northern District of Texas from November 1987 through December 2008, when I took a position in private practice with the law firm of Thompson & Knight LLP.

2.      During my tenure with the U.S. Attorney's Office, I served as the lead trial prosecutor in *United States v. Bruce Carneil Webster*, Case No. 4:94-CR-121-Y. My fellow trial prosecutors included AUSAs Christopher A. Curtis and Paul D. Macaluso, and we were assisted by Appellate Section AUSA Delonia A. Watson. As the lead trial prosecutor, I knew all of the evidence in the government's possession and ensured that we met our discovery and disclosure obligations throughout the guilt and sentencing phases.

1

3.      In preparing this declaration, I reviewed Webster's Brief In Support Of Petitioner's Request to Seek Discovery from the Office Of The United States Attorney (Dkt. No. 63), the Declaration Of Kirsten E. Schubert (Dkt. No. 64), and Exhibits One and Two that are attached to Schubert's Declaration (Dkt. Nos. 64-1, 64-2.) In those filings, Webster describes and refers to certain "SSA Evidence" that forms the basis of his request for relief in this Section 2241 action. (Dkt. No. 63 at 2.)

4.      Webster indicates that he intends to seek discovery from the U.S. Attorney's Office to address the following three subjects:

> (i) "The extent to which the U.S. Attorney's Office had knowledge, documents, or other information relating to the existence or contents of SSA records regarding Mr. Webster, including the SSA Evidence";
>
> (ii) "The U.S. Attorney's Office's own inquiries and communications with the SSA at or before the time of trial regarding any records relating to Petitioner in the possession of the SSA, including any attempts to obtain Petitioner's records from the SSA, and the SSA's response"; and
>
> (iii) "The U.S. Attorney's Office's inquiries and communications with the SSA after the time of trial regarding Petitioner's SSA records, including any attempts to obtain the SSA Evidence (or similar evidence) and the SSA's response."

(Dkt. No. 63 at 3-4.)

5.      Based on my involvement in this case throughout the trial and sentencing, I can state the following in response to the respective subjects raised by Webster:

> (i) Until Webster began post-conviction litigation based on the SSA Evidence, I do not recall ever hearing of the existence of the SSA Evidence. As lead counsel, I am confident that other members of the prosecution team would have alerted me to the existence of this material. As to any other evidence in our possession, including all evidence relating to Webster's intellectual capacity, we fully complied with our discovery and disclosure obligations pursuant to statute, rule, court order,

*Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). In fact, we disclosed to the defense earlier in the litigation, educational material demonstrating that Webster performed poorly on IQ examinations.

(ii)  The U.S. Attorney's Office made no attempt to obtain the SSA Evidence prior to or during Webster's trial and sentencing because we did not know about it. And, to the best of my recollection, we made no attempt to obtain any other SSA records regarding Webster. Again, any records in the government's possession relating to Webster's intellectual capacity were timely disclosed to Webster's attorneys prior to trial and sentencing.

(iii) I am not aware of anyone at the U.S. Attorney's Office, or any investigator or investigative agency connected with this case, having requested and received SSA information regarding Webster, including the SSA Evidence. Because I left the office at the end of December 2008, I do not know whether the U.S. Attorney's Office has made such an inquiry to the SSA since that time.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 8, 2016

_____
Richard B. Roper

3