| | | |
|---|---|---|
| BRUCE CARNEIL WEBSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Cause No. 2:12-cv-86-WTL-MJD |
| | ) | |
| CHARLES LOCKETT, | ) | |
| | ) | |
| Respondent. | ) | |

## ENTRY ON PETITIONER'S REQUEST TO SEEK DISCOVERY FROM THE OFFICE OF THE UNITED STATES ATTORNEY

This cause is before the Court on the Petitioner's Request to Seek Discovery from the Office of the United States Attorney (Dkt. No. 63). The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART** the motion for the reasons and to the extent set forth below.

The discovery that Webster currently seeks relates to the threshold issue that the Court must decide: whether evidence from the Social Security Administration ("SSA") was unavailable to Webster's counsel at the time of trial through the exercise of due diligence.[1] Specifically, Webster indicates that he wishes to issue requests for production of documents and take depositions on the following subjects:

-The extent to which the U.S. Attorney's Office had knowledge, documents, or other information relating to the existence or contents of SSA records regarding Mr. Webster, including the SSA Evidence;

- The U.S. Attorney's Office's own inquiries and communications with the SSA at or before the time of trial regarding any records relating to Petitioner in the possession of the SSA, including any attempts to obtain Petitioner's records

---

[1] The history of the proceedings in Webster's case is laid out thoroughly in the Seventh Circuit's ruling. *See Webster v. Daniels*, 784 F.3d 1125 (7th Cir. 2015).

from the SSA, and the SSA's response; and

- The U.S. Attorney's Office's inquiries and communications with the SSA after the time of trial regarding Petitioner's SSA records, including any attempts to obtain the SSA Evidence (or similar evidence) and the SSA's response.

Dkt. No. 63 at 3-4.

The Respondent has provided declarations from two attorneys and one Special Agent with the Federal Bureau of Investigation.[2] While those declarations do address some of the subjects about which Webster seeks discovery, they do not fully address the issues of concern. Specifically, Webster seeks discovery regarding whether the Government requested any information (not just the SSA Evidence) from the SSA; whether the Government was told that no records existed; who conducted searches for Webster's medical records before and during trial, what steps those people took to obtain the records, and what they were told; and any information possessed by the United States Attorney's office regarding the timing and nature of the destruction of Webster's SSA file. As Webster points out, the declarants do not indicate that they have reviewed the Government's file in Webster's case, and the information he seeks would not necessarily have triggered the Government's obligations under *Brady*, but it would be relevant to this proceeding. As such, the Court **GRANTS IN PART** Petitioner's Request to Seek Discovery from the Office of the United States Attorney and allows Webster to issue requests for production from the Office of the United States Attorney for the Northern District of Texas. If, after review of the records, Webster still believes that depositions are necessary, he may file a renewed motion for leave to conduct them.

---

[2] As Webster notes, the Court has already authorized discovery regarding the SSA Evidence.

SO ORDERED: 3/24/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.