IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BRUCE CARNEIL WEBSTER,
         Petitioner

v.

CHARLES LOCKETT,
         Respondent.

CAUSE NO. 2:12-CV-86-WTL-MJD
Judge William T. Lawrence

## RESPONDENT'S MOTION FOR LEAVE TO FILE A SURREPLY TO THE MOTION FOR THE ISSUANCE OF A SUBPOENA

### Introduction

Respondent Charles Lockett respectfully moves this Court for leave to file a surreply in opposition to the motion for issuance of a subpoena. In support of this motion Respondent would show the Court as follows:

On January 5, 2018, Petitioner Bruce Carneil Webster filed a motion seeking the issuance of subpoenas to the Social Security Administration. (Dtk No. 76). The basis of that motion was that Webster had allegedly been unable to obtain relevant documents and testimony in the SSA's possession. Thus, the question for this Court was whether SSA has "any nonprivileged [information] that is relevant and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

Respondent filed a response on February 2, 2018. (Dkt. No. 80). Therein, Respondent explained that subpoenas were unnecessary and unduly burdensome because SSA had already formally addressed the issue of relevant documents and testimony in its

**Motion for Leave to File a Surreply – Page 1**

possession through *Touhy*, and had, through that process explained that, after a thorough investigation, (1) the agency possessed no documents other than those already provided or that would be provided upon receipt of a valid consent by Webster,[1] and (2) the SSA had identified no persons with firsthand information relevant to Webster's actual files, but would provide a witness to testify about what information was in its electronic record.

Webster filed a Reply on February 23, 2018. Webster makes no meritorious argument that SSA is withholding relevant documents, and presents no evidence to contradict the SSA's contention that there are no persons who possess direct, relevant, information regarding what happened to Webster's files. Rather, for the first time, Webster conflates the United States Attorney's Office (USAO) with the SSA and asserts that the USAO bore responsibility for the destruction of Webster's records. (Dkt. No. 84 at 1 ("The Response also clarified that *each* agency bears responsibility for the destruction of Webster's records.") and 20 ("[SSA's] current counsel, the USAO, admits that it did nothing to preserve this evidence")). More troubling, while suggesting that spoliation might be an issue in his motion for leave to conduct discovery against the USAO, Webster now asserts for the first time that the facts in the case "strongly reflect that the Government spoliated evidence by willfully and intentionally destroying Webster's records in the middle of litigation," and again Webster includes the USAO in this allegation despite the absence of any evidence that the USAO was in contact with the SSA before 2015 when it sent an investigator to SSA. (Id., at 18-19). Finally, Webster

---

[1] Remarkably, as of the date of the instant pleading, Webster *still* has not provided a valid consent.

makes the false allegation that the SSA and the USAO "are acting in concert as arms of the federal government to withhold . . . key information from Webster, in violation of established principles of discovery and fairness." (Id. at 20).

A surreply is necessary to respond to Webster's new allegations. *See, e.g., Reis v. Robbins*, No. 4:14-cv-00063, 2015 WL 846526, *2 (S.D. Ind. Feb. 26, 2015); *see also Merril Lynch Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, No. 2-09-158, 2009 WL 3762974. This is especially true where Webster has raised inflammatory new arguments that impugn counsel and the two federal agencies, and suggests that that USAO prosecutors violated *Brady* and engaged in malfeasance. Respondent should be permitted to briefly reply and rebut these new allegations.

This motion is not being brought for any improper purpose.

WHEREFORE, Respondent respectfully requests leave of this Court to file a surreply in opposition to Webster's motion (attached hereto as Appendix A).

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

s/ *Tami C. Parker*
Tami C. Parker
Assistant United States Attorney
Texas State Bar No. 24003946
Burnett Plaza, Suite 1700
801 Cherry Street - Unit #4
Fort Worth, Texas 76102-6882
Telephone: 817-252-5200
Facsimile: 817-252-5458
E-Mail: tami.parker@usdoj.gov

*Attorney for Respondent USA*

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of March, 2018, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is also being served this day on all counsel of record as listed on the CM/ECF's notice of electronic filing.

s/ *Tami C. Parker*
Tami C. Parker
Assistant United States Attorney
